Entered on Docket November 20, 2018

Below is a Memorandum Decision of the Court.



_____
**Brian D. Lynch**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

FRASER'S BOILER SERVICE, INC.

          Debtor.

Case No. 18-41245

**MEMORANDUM DECISION ON OBJECTIONS TO RELEASES AND EXCULPATIONS IN DEBTOR'S PLAN OF REORGANIZATION AND LIQUIDATING TRUST AGREEMENT**

      In its Objection to the Debtor's First and Second Amended Plans of Reorganization (ECF No. 383), the United States Trustee ("UST") objected to certain releases and exculpations contained in the Debtor's Second Amended Plan and the accompanying Liquidating Trust Agreement. Certain London Market Insurers and National Union Fire Insurance Company of Pittsburgh, PA (collectively, the "Opposing Insurers") joined the UST's Objection *See* ECF No. 418. The UST and the Opposing Insurers filed supplemental briefs, both of which addressed their respective objections to the releases and exculpations. *See* ECF No. 467; ECF No. 468. Oral argument on these issues was heard on October 22, 2018.

      At the October 22 Hearing, the UST advised the Court that some of the release and exculpation objections would be resolved by the Debtor's forthcoming amendments to the Plan to (a) remove Receiver Resource Transition Consultants LLC from the list of exculpated parties and (b) remove Paragraph 9.7, which provided a release for the Debtor's present

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 1

director, officer, and employee, David Gordon. The Debtor's Third Amended Plan of Reorganization has now been filed. *See* ECF No. 507.

The remaining objections to the release and exculpation provisions in the Plan and Liquidating Trust Agreement are as follows:

1) the exculpation provision in Paragraph 9.5 of the Plan is too broad because it includes non-estate fiduciaries (the "Exculpated Parties Objection");

2) the exculpation provision in Paragraph 9.5 of the Plan is too broad because it exculpates negligence, legal malpractice, and breaches of fiduciary duty (the "Exculpated Acts Objection"); and

3) the exculpation provision in Paragraph 4.4 of the Liquidating Trust Agreement is inappropriate because it covers fiduciaries who will not provide any services during the chapter 11 case and because it releases the Liquidating Trustee and the Trust Advisory Committee ("TAC") from their fiduciary obligations (the "Trust Agreement Objection").

After the Court heard oral argument, the Court announced it would take the remaining exculpation and release objections under advisement.

The Court issues this Memorandum Decision to present its rulings on the remaining exculpation and release objections.

**1) The Exculpated Parties Objection**

Paragraph 9.5 of the most current version of the Plan, the Third Amended Plan, states:

> Notwithstanding anything herein to the contrary, as of the Confirmation Date but subject to the occurrence of the Effective Date, none of the Debtor or Creditors' Committee in all their respective capacities, and their respective agents, attorneys, financial advisors, accountants, investment bankers, members, directors, officers, employees, and representatives, successors and assigns shall have or incur any liability for any claim, cause of

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 2

> action or other assertion of liability for any act taken or omitted to be taken since the Commencement Date in connection with, or arising out of, the Chapter 11 Cases, the formulation, dissemination, confirmation, consummation, or administration of the Plan, the Plan, the Disclosure Statement or any contract, instrument, document or other agreement related thereto; *provided, however*, that the foregoing shall not affect the liability of any person that would otherwise result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, gross negligence, fraud, criminal conduct, intentional unauthorized misuse of confidential information that causes damages, or *ultra vires* act.

ECF No. 507 at 30-31. The UST asserts that this exculpation clause improperly includes the Debtor's and the Official Unsecured Creditors Committee's "respective agents, attorneys, financial advisors, accountants, investment bankers, members, directors, officers, employees, and representatives, successors and assigns." The UST contends that Ninth Circuit authority does not support an extension of the exculpation clause to those assorted professionals and that such an extension violates the Ninth Circuit's interpretation of Section 524(e) of the Bankruptcy Code in *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621 (9th Cir. 1989) and *Resorts International, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394 (9th Cir. 1995). The Opposing Insurers present arguments similar to those of the UST.

Debtor responds that these exculpations for agents and professionals are common for plans of reorganization and "exist to allow debtors to minimize duplicative or collateral litigation[] that would require estate agents and professional[s] to demand higher compensation to compensate for the risk of future litigation costs." ECF No. 483 at 10.

Several bankruptcy courts within the Ninth Circuit have allowed release or exculpation provisions that extend to the plan proponent's agents and professionals. *See, e.g., In re Yellowstone Mountain Club, LLC*, 460 B.R. 254, 267, 277 (Bankr. D. Mont. 2011*); In re Lighthouse Lodge, LLC*, No. 09-52610-RLE, 2010 WL 4053984, at *6, *9 (Bankr. N.D. Cal.

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 3

**Below is a Memorandum Decision of the Court.**

Oct. 14, 2010) (conditioning approval on the addition of exculpation exceptions for gross negligence and willful misconduct); *In re W. Asbestos Co.*, 313 B.R. 832, 846-47 (Bankr. N.D. Cal. 2003); *In re WCI Cable, Inc.*, 282 B.R. 457, 477-80 (Bankr. D. Or. 2002) (conditioning approval on the addition of exculpation exceptions for negligence and breaches of fiduciary duty); *see also Lazo v. Roberts*, No. CV15-7037-CAS, 2016 WL 738273, at *8 (C.D. Cal. Feb. 22, 2016) (discussing several of the cases in the context of a motion to dismiss). These provisions can be valuable, particularly in contentious cases. *See In re Yellowstone Mountain Club, LLC*, 460 B.R. at 273-74 ("An exculpation clause in this case was certainly advisable given the litigious posture of the parties."); *In re WCI Cable, Inc.*, 282 B.R. at 479 ("[T]he WCI Group and their officers and agents have a legitimate concern in these bitterly contested cases with the potential for claims being asserted against them regarding their postpetition acts.").

Moreover, these exculpation clauses are not prohibited under the Ninth Circuit's interpretation of Section 524(e). The decision of the Bankruptcy Court for the District of Montana in *Yellowstone Mountain Club, LLC* is instructive on this issue:

> This court is bound by, and does not dispute the legal precedent established in *Lowenschuss*, *American Hardwoods*, and *Underhill*, that liabilities of nondebtors cannot be discharged through a plan. Such legal precedent, however, is inapplicable here because, unlike in *Lowenschuss*, *American Hardwoods*, and *Underhill*, ¶ 8.4 of the Debtors' Third Amended Joint Plan of Reorganization is not a broad sweeping provision that seeks to discharge or release nondebtors from any and all claims that belong to others.

460 B.R. at 270. The exculpation clause in *Yellowstone Mountain Club, LLC* was limited to only those acts or omissions "in connection with, relating to or arising out of the Chapter 11 cases, the formulation, negotiation, implementation, confirmation or consummation of this Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document entered into during the Chapter 11 Cases or otherwise created in connection with

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 4

this Plan [.]" *Id.* at 272-73. The court determined that the exculpation clause was "temporal in nature and cover[ed] those parties who were closely involved with drafting the Settlement Term Sheet, which became the cornerstone of the Debtors' [plan]." *Id.* at 270. Therefore, the court held that "the exculpation clause in the Debtors' confirmed [plan] [did] not implicate 11 U.S.C. § 524(e)" and was not barred by Ninth Circuit precedents. *Id.* at 277.

Like the exculpation clause in *Yellowstone Mountain Club, LLC*, Paragraph 9.5 only exculpates the Debtor, Committee, and their respective agents and professionals for "any act taken or omitted to be taken since the Commencement Date ***in connection with, or arising out of, the Chapter 11 Cases, the formulation, dissemination, confirmation, consummation, or administration of the Plan, the Plan, the Disclosure Statement or any contract, instrument, document or other agreement related thereto***; . . . ." ECF No. 507 at 31 (emphasis added).[1] Paragraph 9.5 is not a broad, sweeping release of the Debtor's and Committee's agents and professionals; it merely exculpates them for limited post-petition acts and omissions related to this bankruptcy case. The Court agrees that allowing such a limited exculpation does not conflict with the Ninth Circuit's interpretation of Section 524(e) in *Lowenschuss* and *American Hardwoods*. Based on the above cases, the Court will allow the inclusion of the Debtor's and the Committee's "respective agents, attorneys, financial advisors, accountants, investment bankers, members, directors, officers, employees, and representatives, successors and assigns" in the list of parties exculpated under Paragraph 9.5 of the Plan.

The Court is concerned, however, that the temporal limitation in Paragraph 9.5 is not sufficiently clear. Exculpation clauses generally only exculpate those actions taken in connection with a bankruptcy case between the petition date and the effective date of the

---

[1] The Third Amended Plan defines "Commencement Date" as April 9, 2018. *See* ECF No. 507 at 4. April 9, 2018 is the petition date for this case.

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 5

plan. *See, e.g., In re Yellowstone Mountain Club, LLC*, 460 B.R. at 271 (The Court read the exculpation clause to only protect those acts that occurred between the petition date and effective date.); *In re Lighthouse Lodge, LLC*, 2010 WL 4053984, at *6 (The language of the clause expressly limited the exculpation to acts "from the Petition Date to and including the Effective Date.").

Paragraph 9.5 exculpates "any act taken or omitted to be taken ***since the Commencement Date*** in connection with, or arising out of, the Chapter 11 Cases, the formulation, dissemination, confirmation, consummation, or administration of the Plan, the Plan, the Disclosure Statement or any contract, instrument, document or other agreement related thereto; . . . ." ECF No. 507 at 31 (emphasis added). While this language makes clear that only post-petition acts will be exculpated, it is not sufficiently clear when the exculpation will end and that post-Effective Date acts will not be exculpated. A clear temporal limitation is important in this case because acts related to the Liquidating Trust may occur after the Effective Date, but should not be exculpated under the Plan.

Therefore, while the Court will allow the inclusion of the Debtor's and the Committee's "respective agents, attorneys, financial advisors, accountants, investment bankers, members, directors, officers, employees, and representatives, successors and assigns" in the list of exculpated parties, the Court will only confirm a plan containing Paragraph 9.5 if the Debtor adds language to further clarify that Paragraph 9.5 does not exculpate post-Effective Date acts. The Exculpated Parties Objection is otherwise overruled.

**2)    The Exculpated Acts Objection**

The UST next asserts that if the Court allows the exculpation of the Debtor's and the Committee's agents and professionals, then negligence, legal malpractice, and breaches of fiduciary duty should be added to the exculpation exceptions for these parties. The UST relies primarily on *In re WCI Cable, Inc.*, 282 B.R. 457 (Bankr. D. Or. 2002), a case where the

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 6

bankruptcy court conditioned approval of an exculpation clause that extended to agents and professionals on the addition of negligence and breaches of fiduciary duty to the list of excepted actions. The UST also cites to *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339 (9th Cir. 1983) to support its contention that "the Debtor, as an estate fiduciary, should remain liable for negligent acts *and* breaches of fiduciary duty." ECF No. 467 at 26. Finally, the UST contends that legal malpractice should be excepted from exculpation as well because Washington Rule of Professional Conduct ("RPC") 1.8(h)(1) "prevents an attorney from making an agreement prospectively limiting the lawyer's liability to a client for malpractice." ECF No. 383 at 3.

In response, the Debtor contends that adding those exculpation exceptions would render Paragraph 9.5 "utterly meaningless," as "[a]lmost any claim against an estate agent or professional that attempts to re-litigate or collaterally challenge actions occurring during a reorganization case will sound in negligence or breach of duty in some form." ECF No. 483 at 11.

"Different liability standards may be appropriate and/or applicable under the Bankruptcy Code to [] different entities and individuals in various circumstances in performing their respective functions postpetition in bankruptcy . . . ." *In re WCI Cable, Inc.*, 282 B.R. at 478. "[T]he lines separating actions protected by immunity from actionable conduct are neither clearly nor easily drawn." *Id.* "[D]ecisions in this area have arrived at varied and often inconsistent results." *Id.* at 479.

The Bankruptcy Court in *WCI Cable, Inc.* further observed that, "in general, decisions in the Ninth Circuit appear not to favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties." *Id.* at 479. However, post-*WCI Cable*, several bankruptcy courts within the Ninth Circuit have approved exculpation clauses that extend to the plan proponent's agents and professionals without the addition of such exceptions. *See,*

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 7

*e.g.*, *In re Yellowstone Mountain Club, LLC,* 460 B.R. at 267, 277 (exculpation clause did not include exceptions for ordinary negligence, legal malpractice, or breaches of fiduciary duty); *In re Lighthouse Lodge, LLC,* 2010 WL 4053984, at *6, *9 (court conditioned approval on the addition of gross negligence and willful misconduct to exculpation exceptions, but expressly did not require the addition of ordinary negligence or breaches of fiduciary duty); *In re W. Asbestos Co.*, 313 B.R. at 846-47 (exculpation clause did not include exceptions for ordinary negligence, legal malpractice, or breaches of fiduciary duty).

Thus, it appears common among bankruptcy courts within the Ninth Circuit to allow exculpation clauses that do not include exceptions for breaches of fiduciary duty, legal malpractice, or ordinary negligence. The Exculpated Acts Objection is overruled.

**3)    The Trust Agreement Objection**

Paragraph 4.4 of the Liquidating Trust Agreement exculpates the Liquidating Trustee and the TAC, except for breaches of trust committed in bad faith or willful misappropriation:

> Neither the Liquidating Trustee, the TAC (or any member of the TAC), nor any of their respective agents, shall be liable to the Liquidating Trust, to any Entity holding an Asbestos-Related Personal Injury or Wrongful Death Claim, or to any other Entity, except for such individual's or entity's own breach of trust committed in bad faith or willful misappropriation. Neither the Liquidating Trustee, the TAC (or any member of the TAC), nor any of their respective agents, shall be liable for any act or omission of any agent of the Liquidating Trust or the TAC (or any member of the TAC), unless the Liquidating Trustee or the TAC (or any member of the TAC), respectively, acted with bad faith in the selection or retention of such agent.

ECF No. 507-1 at 14. The UST objects to this exculpation for two reasons. First, the UST asserts that it is inappropriate to provide such an exculpation because the Liquidating Trustee and TAC have not yet done anything in this chapter 11 case and will not exist until after a plan is confirmed. Second, the UST contends that any such exculpation clause that does not include an exception for breaches of fiduciary duty is inappropriate because the Liquidating

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 8

Trust and the TAC members are fiduciaries and to allow such an exculpation provision "would have the effect of altering the standard of care owed by the Trustee and the TAC." ECF No. 467 at 27. The Opposing Insurers present arguments similar to those of the UST.

The Debtor responds that Paragraph 4.4 was offered as protection for the Liquidating Trustee and TAC members in lieu of directors & officers insurance. Because the costs of insurance would come out of the assets in the Liquidating Trust, Debtor contends that "the beneficiaries of a trust should be enabled to decide for themselves whether releases and indemnities or insurance premiums or perhaps higher compensation for trustees and agents is most palatable." ECF No. 483 at 11-12.

Exculpation clauses approved at confirmation are "limited to the fiduciaries who have served during the chapter 11 proceeding," including the estate professionals, the committee and its members, and the debtor's directors and officers. *In re Wash. Mut., Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011). The Liquidating Trustee and TAC, however, will not exist in their respective capacities until after a plan is confirmed in this case and the Liquidating Trust is formed. Accordingly, the Liquidating Trustee and TAC have not done anything yet that warrants exculpation or release. Moreover, the Court cannot determine at confirmation how the Liquidating Trustee and TAC "will prospectively make a substantial contribution to the Plan or that their actions will result in a substantial recovery for creditors or the equity security holders." *See id.* at 348. Therefore, the exculpation provided to the Liquidating Trustee and TAC in Paragraph 4.4 of the Liquidating Trust Agreement is inappropriate and should be removed. The Trust Agreement Objection is sustained.

Therefore, the Exculpated Parties Objection is OVERRULED, the Exculpated Acts Objection is OVERRULED, and the Trust Agreement Objection is SUSTAINED.

//// END OF ORDER ///

MEMORANDUM DECISION ON RELEASES AND EXCULPATIONS - 9