Entered on Docket December 4, 2018

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>FRASER'S BOILER SERVICE, INC.<br><br>Debtor. | Case No. 18-41245<br><br>**MEMORANDUM DECISION ON SUBSTANTIAL CONSUMMATION PROVISION IN DEBTOR'S PLAN OF REORGANIZATION** |

In its First and Second Amended Plans of Reorganization, Debtor Fraser's Boiler Service, Inc. included a provision that states "On the Effective Date, the Plan shall be deemed to be substantially consummated under Sections 1101 and 1127(b) of the Bankruptcy Code." ECF No. 442 at 39; ECF No. 125 at 26. The First and Second Amended Plans defined "Effective Date" as:

> a Business Day specified by the Debtors on or after the Confirmation Date, on which (i) no stay of the Confirmation Order is in effect and (ii) the conditions to the effectiveness of the Plan specified in Article 10 of the Plan have been satisfied or waived and (iii) which is no later than ninety (90) days after the Confirmation Date, provided that no stay of the Confirmation Order is in effect.

ECF No. 442 at 5; ECF No. 125 at 4. As discussed below, substantial consummation is a term defined in the Bankruptcy Code. *See* 11 U.S.C. § 1101(2).

MEMORANDUM DECISION ON SUBSTANTIAL CONSUMMATION PROVISION - 1

Certain London Market Insurers and National Union Fire Insurance Company of Pittsburgh, PA (collectively, the "Opposing Insurers") objected to the substantial consumption provision, alleging the provision violates Sections 1101 and 1129(a)(1) of the Bankruptcy Code "because it attempts to specify a different date for when 'substantial consummation' will occur." ECF No. 381 at 22-23. The United States Trustee ("UST") similarly objected that substantial consummation was not properly defined in the Plan because it was inconsistent with Bankruptcy Code Section 1101. *See* ECF No. 383 at 8-9.

Both the UST and the Opposing Insurers filed supplemental briefs in support of their confirmation objections. *See* ECF No. 467; ECF No. 468. The UST indicated in its supplemental brief that it anticipated the Debtor would resolve the UST's substantial consummation objection in a further amended plan. *See* ECF No. 467 at 2. The Opposing Insurers reiterated their substantial consummation objection in their supplemental brief. *See* ECF No. 468 at 7-9.

The substantial consummation objections were heard by the Court on October 22, 2018. At the October 22 Hearing, the UST indicated that the Debtor had proposed language that would resolve its objection. The Opposing Insurers asserted that they had not seen the proposed language, which the Debtor disputed. The substantial consummation objections were continued to November 7, 2018 to give the Debtor time to file a further amended plan with the proposed language and to give the Opposing Insurers time to review that language.

The Debtor filed its Third Amended Plan of Reorganization on November 1, 2018. *See* ECF No. 507. In the Third Amended Plan, the Debtor amended both the substantial consummation provision and the definition of "Effective Date." The substantial consummation provision now states:

> On the Effective Date, the Liquidating Trust will be formed and all Equity Interests in Fraser's Boiler Service, Inc. will be transferred by existing owners to the Liquidating Trust. The Plan shall be

MEMORANDUM DECISION ON SUBSTANTIAL CONSUMMATION PROVISION - 2

> deemed to be substantially consummated under Sections 1101 and 1127(b) of the Bankruptcy Code once the Effective Date has occurred and distributions have been paid to one or more Class 1, Class 2, or Class 3 Creditors.

*Id.* at 38. "Effective Date" is now defined as:

> a Business Day specified by the Debtors on or after the Confirmation Date, on which (i) no stay of the Confirmation Order is in effect and (ii) the conditions to the effectiveness of the Plan specified in Article 10 of the Plan have been satisfied or waived and (iii) one or more of the approval orders related to settlement agreements with the Settling Insurers has become a Final Order or one or more of the Settled Insurers has waived the requirement of a Final Order approving such a settlement and no stay of the order approving such settlement is in effect. The Effective Date will be no later than ninety (90) days after the first day on which the conditions of the preceding sentence have been satisfied.

*Id.* at 5.

The Court resumed the hearing on the substantial consummation objections on November 7, 2018. At that hearing, the UST informed the Court that its objection to the substantial consummation provision was resolved. The Opposing Insurers' objection, however, was not resolved. The Court heard argument from the Opposing Insurers and the Debtor on the substantial consummation provision and took the matter under advisement.

Substantial consummation is defined under Section 1101 of the Bankruptcy Code:

> "substantial consummation" means—
>
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2). "Whether a plan has been substantially consummated is a question of fact to be determined upon the circumstances of each case." *In re Nacio Sys., Inc.*, No. 02-

MEMORANDUM DECISION ON SUBSTANTIAL CONSUMMATION PROVISION - 3

10596, 2003 WL 22945642, at *2 (Bankr. N.D. Cal. May 9, 2003) (citing *In re Jorgensen*, 66 B.R. 104, 106 (B.A.P. 9th Cir. 1986)).

When asked by the Court what the value was, from the Debtor's perspective, of a more carefully crafted substantial consumption provision, Debtor's counsel responded "the more black and white identified facts that result in substantial [consummation] would allow us to conclude this case and close it out without ambiguity." ECF No. 535 at 38 (Transcript of November 7 Hearing). While the Court understands the Debtor's concerns in light of the contentious nature of this case, the Bankruptcy Code's definition of substantial consummation is sufficient by itself. Whether the Plan has been substantially consummated is a fact question to be decided when the issue arises, and Section 1101(2) will guide that evaluation. The presence of a substantial consummation provision in the Plan is unnecessary and risks confirmation of a substantial consummation standard that is inconsistent with the Bankruptcy Code. Accordingly, the Court will not confirm the Debtor's Plan if it contains the substantial consummation provision located under Paragraph 12.8.

Therefore, the Opposing Insurers' substantial consummation objection is SUSTAINED.

//// END OF ORDER ///

MEMORANDUM DECISION ON SUBSTANTIAL CONSUMMATION PROVISION - 4